```
DOWNEY BRAND LLP
ANTHONY L. VIGNOLO (Bar No. 203933)
avignolo@downeybrand.com
3425 Brookside Road, Suite A
Stockton, California 95219
Telephone:   209.473.6450
Facsimile:   209.473.6455

Attorneys for Plaintiff
CHEROKEE FREIGHT LINES STOCKTON LLC
```

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| CHEROKEE FREIGHT LINES STOCKTON LLC,<br><br>    Plaintiff,<br><br>v.<br><br>UKG, INC., et al.,<br><br>    Defendant. | Case No. 2:24-cv-01827-DJC-JDP<br><br>**ANSWER TO COUNTERCLAIM AND DEMAND FOR JURY** |

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Plaintiff and Counter-Defendant CHEROKEE FREIGHT LINES STOCKTON LLC ("Plaintiff " and/or "Counter Defendant") answers the Counterclaim of Defendant and Counter-Complainant UKG, INC. ("Counter-Complainant").  If an averment is not specifically admitted, it is hereby denied.

## COUNTER CLAIM

### Parties

1. Answering Paragraph 1, Counter-Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein, and on that basis denies such allegations.

2. Answering Paragraph 2, Counter-Defendant admits that Counter-Defendant is a limited liability company organized under California law and headquartered in

1 Stockton, California.  Except as expressly admitted herein, Counter-Defendant denies each and every allegation contained therein.

3. Answering Paragraph 3, Counter-Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein, and on that basis denies such allegations.

4. Answering Paragraph 4, Counter-Defendant admits the allegations contained therein.

5. Answering Paragraph 5, Counter-Defendant admits the Parties entered into a written agreement on or about June 29, 2023.  Except as expressly admitted herein, Counter-Defendant denies each and every allegation contained therein.

6. Answering Paragraph 6, Counter-Defendant admits the allegations contained therein.

7. Answering Paragraph 7, Counter-Defendant admits that the Parties agreed upon a "Go Live" date of January 5, 2024, and further admits that Counter-Defendant engaged in a "collaborative" implementation process insofar as Cross-Defendant's role with respect thereto was to timely provide information requested by Counter-Claimant.  Except as expressly admitted herein, Counter-Defendant denies each and every allegation contained therein.

8. Answering Paragraph 8, Counter-Defendant admits that all of the "integrations" it required were identified.  Except as expressly admitted herein, Counter-Defendant denies each and every allegation contained therein.

9. Answering Paragraph 9, Counter-Defendant denies each and every allegation contained therein.

10. Answering Paragraph 10, Counter-Defendant admits that Counter-Complainant made proposals to Counter-Defendant, all of which included going live without all required integrations.  Except as expressly admitted herein, Counter-Defendant denies each and every allegation contained therein.

///

11. Answering Paragraph 11, Counter-Defendant admits that it clearly represented that it required full and complete integration before going live, that it was unwilling to proceed with going live without the full, complete, and required integrations, and that it suggested the Parties part ways after Counter-Complainant continued to insist on proceeding with only a partial integration under a revised Go Live date of February 1, 2024, with the remaining required integrations to occur many months later. Except as expressly admitted herein, Counter-Defendant denies each and every allegation contained therein.

12. Answering Paragraph 12, Counter-Defendant admits that its counsel sent a letter to Counter-Complainant on or about February 22, 2024, providing a notice of termination and thirty-day right to cure, and raising other issues, including concerns with respect to Counter-Complainant's data security issues arising from publicized data breaches and/or cyberattacks. Except as expressly admitted herein, Counter-Defendant denies each and every allegation contained therein.

13. Paragraph 13 contains legal conclusions and argument as to which no response is required. To the extent a response is required, Counter-Defendant denies each and every allegation contained therein.

14. Answering Paragraph 14, Counter-Defendant admits that on or about May 20, 2024, it initiated a legal proceeding in the Superior Court of San Joaquin County against Counter-Complainant seeking damages and declaratory relief. Except as expressly admitted herein, Counter-Defendant denies each and every allegation contained therein.

15. Paragraph 15 contains legal conclusions and argument as to which no response is required. To the extent a response is required, Counter-Defendant denies each and every allegation contained therein.

///

///

///

# COUNT 1

## (Breach of Contract)

16. Paragraph 16 incorporates by reference the preceding paragraphs of Counter-Complainant's Counter-Claim, and thus no response is required. To the extent a response is required, Counter-Defendant denies each and every allegation contained therein.

17. Paragraph 17 contains legal conclusions and argument as to which no response is required.

18. Paragraph 18 contains legal conclusions and argument as to which no response is required. To the extent a response is required, Counter-Defendant denies each and every allegation contained therein.

19. Paragraph 19 contains legal conclusions and argument as to which no response is required. To the extent a response is required, Counter-Defendant denies each and every allegation contained therein.

20. Answering Paragraph 20, Counter-Defendant lacks sufficient knowledge or information to form a belief as to whether Counter-Complainant invested significant time and resources to implement the contracted software. Counter-Defendant denies that Counter-Complainant stood ready, willing and able to perform. The remaining allegations of Paragraph 20 contain legal conclusions and argument as to which no response is required. To the extent a response is required, Counter-Defendant denies each and every allegation contained therein.

21. Paragraph 21 contains legal conclusions and argument as to which no response is required. To the extent a response is required, Counter-Defendant denies each and every allegation contained therein.

22. Paragraph 22 contains legal conclusions and argument as to which no response is required. To the extent a response is required, Counter-Defendant denies each and every allegation contained therein.

///

## COUNT 2

### (Declaratory Relief)

23. Paragraph 23 incorporates by reference the preceding paragraphs of Counter-Complainant's Counter-Claim, and thus no response is required. To the extent a response is required, Counter-Defendant denies each and every allegation contained therein.

24. Paragraph 24 contains legal conclusions and argument as to which no response is required. To the extent a response is required, Counter-Defendant denies each and every allegation contained therein.

25. Answering Paragraph 25, Counter-Defendant lacks sufficient knowledge or information to form a belief as to the accuracy of such allegations, and therefore denies such allegations.

26. Paragraph 26 contains legal conclusions and argument as to which no response is required. To the extent a response is required, Counter-Defendant denies each and every allegation contained therein.

27. Paragraph 27 contains legal conclusions and argument as to which no response is required. To the extent a response is required, Counter-Defendant denies each and every allegation contained therein.

## PRAYERS FOR RELIEF

1. Paragraph 1 of the Prayers for Relief contains legal conclusions and argument as to which no response is required. To the extent a response is required, Counter-Defendant denies each and every allegation contained therein.

2. Paragraph 2 of the Prayers for Relief contains legal conclusions and argument as to which no response is required. To the extent a response is required, Counter-Defendant denies each and every allegation contained therein.

3. Paragraph 3 of the Prayers for Relief contains legal conclusions and argument as to which no response is required. To the extent a response is required, Counter-Defendant denies each and every allegation contained therein.

# AFFIRMATIVE DEFENSES

Counter-Defendant pleads the following separate defenses. Counter-Defendant reserves the right to assert additional affirmative defenses that discovery indicates are proper.

## FIRST AFFIRMATIVE DEFENSE
### (Authorization)

1. As a separate and first affirmative defense to the Counterclaim and each purported cause of action contained therein, Counter-Defendant alleges that, by virtue of the acts of the Counterclaimant and/or the persons and/or entities acting on his behalf, Counter-Complainant is barred from prosecuting the purported causes of action set forth in the Complaint by the doctrine of authorization.

## SECOND AFFIRMATIVE DEFENSE
### (Breach of Contract)

2. As a separate and second affirmative defense to the Counterclaim and each purported cause of action contained therein, Counter-Defendant alleges that any obligations owed by it under any alleged contract were excused by Counter-Complainant's breach of the alleged contract.

## THIRD AFFIRMATIVE DEFENSE
### (Compliance with the Law)

3. As a separate and third affirmative defense to the Counterclaim and each purported cause of action contained therein, Counter-Defendant alleges that the actions taken by Counter-Defendant were in full compliance with the law.

## FOURTH AFFIRMATIVE DEFENSE
### (Consent)

4. As a separate and fourth affirmative defense to the Counterclaim and each purported cause of action contained therein, Counter-Defendant alleges that Counter-Complainant is barred from prosecuting the purported causes of action set forth in the

///

Counterclaim because Counter-Complainant, and/or the persons and/or entities acting on his behalf, consented to and acquiesced in the subject conduct.

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

5. As a separate and fifth affirmative defense to the Counterclaim and each purported cause of action contained therein, Counter-Defendant alleges that Counter-Complainant is barred in whole or in part from prosecuting the purported causes of action set forth in the Counterclaim by the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure of Condition Precedent)

6. As a separate and sixth affirmative defense to the Counterclaim and each purported cause of action contained therein, Counter-Defendant alleges that Counter-Complainant's causes of action are barred by Counter-Complainant's failure to perform all conditions precedent to Counter-Complainant's purported right to recover.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure of Consideration)

7. As a separate and seventh affirmative defense to the Counterclaim and each purported cause of action contained therein, Counter-Defendant alleges that any performance due by the Counter-Defendant under any contract alleged in the Counterclaim was excused by failure of consideration.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

8. As a separate and eighth affirmative defense to the Counterclaim, and to the purported causes of action set forth therein, Counter-Defendant alleges that the Counterclaim fails to state facts sufficient to constitute a cause of action.

///

///

///

## NINTH AFFIRMATIVE DEFENSE

### (Fraud)

9. As a ninth separate and affirmative defense to the Counterclaim and each purported cause of action contained therein, Counter-Defendant alleges that negligent and/or intentional misrepresentations were made by Counter-Complainant's employees to Counter-Defendant such that Counter-Defendant was induced to enter into the contract with Counter-Complainant and/or induced to continue performance under the contract with Counter-Complainant, which Counter-Defendant would not have done absent such misrepresentations.

## TENTH AFFIRMATIVE DEFENSE

### (Laches)

10. As a separate and tenth affirmative defense to the Counterclaim and each purported cause of action contained therein, Counter-Defendant alleges that Counter-Complainant is barred in whole or in part from prosecuting the purported causes of action set forth in the Counterclaim by the doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Modification of Written Contract by Written Agreement or by Oral Agreement)

11. As a separate and eleventh affirmative defense to the Counterclaim and each purported cause of action contained therein, Counter-Defendant alleges that there was a modification of the written contract by written agreement or by oral agreement between Counter-Complainant and Counter-Defendant such that the amount claimed due and owing by the Counter-Complainant is not the correct amount.

## TWELFTH AFFIRMATIVE DEFENSE

### (Novation)

12. As a separate and twelfth affirmative defense to the Counterclaim and each purported cause of action contained therein, Counter-Defendant alleges that a novation was reached between Counter-Complainant and Counter-Defendant such that the amount claimed due and owing by the Counter-Complainant is not the correct amount.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Offset)**

13. As a separate and thirteenth affirmative defense to the Counterclaim and each purported cause of action contained therein, Counter-Defendant alleges that, by virtue of the acts of the Counter-Complainant and/or the persons and/or the entities acting on Counter-Complainant's behalf, the Counter-Defendant has been damaged in an amount equal to or greater than the amount of damages, if any, to which Counter-Complainant might be entitled. As a result, the Counter-Defendant is entitled to an offset against any sums found owing to the Counter-Defendant from Counter-Complainant.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Performance Excused)**

14. As a separate and fourteenth affirmative defense to the Counterclaim and each purported cause of action contained therein, Counter-Defendant alleges that Counter-Defendant was excused from any performance due from him to Counter-Complainant under any of the alleged contracts.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Prior Material Breach)**

15. As a separate and fifteenth affirmative defense to the Counterclaim and each purported cause of action contained therein, Counter-Defendant alleges that the purported causes of action asserted in the Counterclaim are barred by reason of the prior material breach of the agreement or agreements by Counter-Complainant upon which he bases the Counterclaim.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

16. As a separate and sixteenth affirmative defense to the Counterclaim and each purported cause of action contained therein, Counter-Defendant alleges that Counter-Complainant is barred in whole or in part from prosecuting the purported causes of action set forth in the Counterclaim by the doctrine of unclean hands.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

17. As a separate and seventeenth affirmative defense to the Counterclaim and each purported cause of action contained therein, Counter-Defendant alleges that as a result of his own acts and/or omissions, Counter-Complainant has waived any right which he may have had to recover, and/or is estopped from recovering, any relief sought against Counter-Defendant.

## DEMAND FOR JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Counter-Defendant demands a jury trial in this matter.

## PRAYER

WHEREFORE, Counter-Complainant prays for relief as follows:

A. That the Counterclaim be dismissed with prejudice;

B. That Counter-Complainant take nothing by reason of this Counterclaim and that judgment be entered against Counter-Complainant and in favor of Counter-Defendant;

C. That Counter-Defendant be awarded reasonable costs;

D. That Counter-Defendant be awarded reasonable attorney's fees; and

E. That Counter-Defendant be granted such other and further relief as the Court may deem just and proper.

DATED: August 26, 2024        DOWNEY BRAND LLP

By: _____
ANTHONY L. VIGNOLO
Attorneys for Plaintiff
CHEROKEE FREIGHT LINES STOCKTON LLC

# PROOF OF SERVICE

***Cherokee Freight Lines Stockton LLC v. UKG, Inc.***
**USDC Case No. 2:24-cv-01827-DJC-JDP**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Joaquin, State of . My business address is 3425 Brookside Road, Suite A, Stockton, California, 95219.

On August 26, 2024, I served true copies of the following document(s) described as **ANSWER TO COUNTERCLAIM AND DEMAND FOR JURY** the interested parties in this action as follows:

| | |
|---|---|
| Melissa Siebert<br>Erin Bolan Hines<br>COZEN O'CONNOR<br>123 North Wacker Drive, Suite 1800<br>Chicago, IL 60606 | Attorneys for Defendant<br>*UKG, Inc.*<br>(Pro Hac Vice Pending)<br><br>312-474-4490<br>312-300-5645 (Fax)<br>MSiebert@cozen.com<br>EBolanHines@cozen.com |
| Alexander E. Robinson<br>COZEN O'CONNOR<br>501 W. Broadway, Suite 1610<br>San Diego, CA 92101 | Attorneys for Defendant<br>*UKG, Inc.*<br><br>619-234-1700<br>619-234-7831 (Fax<br>arobinson@cozen.com |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 26, 2024, at Stockton, California.

*/s/ Rebecca Stockman*
Rebecca Stockman